NO.
12-06-00110-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

SANDRIA LYNN SHELDON,         §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Sandria Lynn
Sheldon appeals the trial court’s revocation of her community supervision
following her conviction for driving while intoxicated, a third degree felony.[1]  After revoking her community supervision, the
trial court sentenced Appellant to imprisonment for eight years. Appellant’s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We affirm.

                                                

Background

            Appellant
was charged by indictment with driving while intoxicated.  It was further alleged in the indictment that
Appellant was previously convicted on two prior occasions for  driving while intoxicated.  Appellant pleaded “guilty” as charged.  The trial court sentenced Appellant to
imprisonment for ten years, but suspended the sentence and placed Appellant on
community supervision for ten years.

            On
February 17, 2006, the State filed a motion to revoke Appellant’s community
supervision alleging that Appellant had violated certain conditions
thereof.  Specifically, the State
alleged, in pertinent part, that Appellant violated the following terms of her
community supervision:  (1) on or about
February 21, 2006, she failed to obey the law by operating a motor vehicle in a
public place while intoxicated; (2) on or about February 13, 2006, she used or
consumed methamphetamine; and (3) on or about February 13, 2006, she possessed
methamphetamine.

            On
March 17, 2006, the trial court conducted a hearing on the State’s motion.  Appellant pleaded “true” to each of the
aforementioned violations alleged in the State’s motion to revoke.[2]  The trial court found these allegations to be
“true,” revoked Appellant’s community supervision, and sentenced Appellant to
imprisonment for eight years.  This
appeal followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v.
State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant’s counsel
states that she has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated. 
She further relates that she is well acquainted with the facts in this
case.  In compliance with Anders,
Gainous, and High v. State, 573 S.W.2d 807 (Tex.
Crim. App. 1978), Appellant’s brief presents a chronological summation of the
procedural history of the case and further states that Appellant’s counsel is
unable to raise any arguable issues for appeal.[3]  We have likewise reviewed the record for
reversible error and have found none.

 

 

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits.  Having done so and finding
no reversible error, Appellant’s counsel’s motion for leave to withdraw is
hereby granted and the trial court’s judgment is affirmed.

 

Opinion
delivered December 1, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1]
The indictment alleged two prior convictions for driving while
intoxicated.  See Tex. Pen. Code Ann. §§ 12.34,
49.04, 49.09(b)(2) (Vernon 2003 & Supp. 2006).





[2]
The trial court admonished Appellant that her community supervision could be
revoked if any of the allegations in the State’s motion were found to be true.





[3] Counsel for Appellant certified in her motion
to withdraw that she provided Appellant with a copy of this brief.  Appellant was given time to file her own
brief in this cause.  The time for filing
such a brief has expired and we have received no pro se brief.